IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201<br><br>Plaintiff,<br><br>v.<br><br>GREYSTAR MANAGMENT SERVICES L.P.,<br>465 Elmcroft Blvd.<br>Rockville, MD 20850<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Amada Lucero. As alleged with greater specificity below, the United States Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Greystar Management Services L.P., ("Greystar" or "Defendant") has engaged in sex discrimination by terminating Amada Lucero because of her pregnancy. In addition, the Commission alleges record keeping violations committed by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a company doing business in the State of Maryland, Montgomery County, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amada Lucero ("Lucero") filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around August 2008, Amada Lucero began working for Defendant as a housekeeper at its Rockville Maryland Apartment Complex.

8. After Lucero disclosed to management in or around February 2009 that she was pregnant, Defendant ordered her to bring in medical documentation confirming that she was pregnant and clearing her to work with cleaning chemicals.

9. Lucero provided Defendant with a letter from her physician allowing her to perform her regular job duties without any modification. In or around March 2009, Defendant nevertheless terminated her in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§2000e(k) and 2000e-2(a).

10. The effect of the practices complained of above has been to deprive Amada Lucero of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

11. The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Amada Lucero.

13. In addition, since at least January 2009, Defendant has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or kept and has failed to preserve relevant records until final disposition of a charge of discrimination in violation of Title VII and the Commission's Regulations set forth at 29 C.F.R. § 1602.14, including but not limited to records regarding Amada Lucero's employment with Defendant and her termination.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex including discrimination on the basis of pregnancy.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.  Order Defendant to make whole Amada Lucero by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.  Order Defendant to make whole Amada Lucero by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole Amada Lucero by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay Amada Lucero punitive damages for Defendant's

malicious and reckless conduct described above, in amounts to be determined at trial.

G. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

5

*/s/ Eric S. Thompson*
ERIC S. THOMPSON
Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 962-4341
Fax: (410) 962-4270